U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

OCT - 2 2007

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT ANDREWS | DOCKET NO. 07-CV-1283; SEC. P |
| VERSUS | JUDGE DRELL |
| SHERIFF BILL BELT | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Robert Andrews, filed *in forma pauperis* on August 7, 2007. Andrews is currently incarcerated at Avoyelles Correctional Center in Cottonport, Louisiana; however, his claim arises from an incident that occurred while he was incarcerated at the Avoyelles Parish Jail in Marksville, Louisiana.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of this Court.

### STATEMENT OF THE CASE

Plaintiff claims that, on the morning of November 20, 2006, while returning to his dormitory from the bathroom, he slipped and fell in water that had leaked from the toilet. He states that the duty officer was notified immediately after the accident, and Plaintiff was taken to Huey P. Long hospital. After being examined at the hospital, Plaintiff was transferred to Elayn Hunt Correctional for observation. Plaintiff states that he was told that he would be transferred back to the jail in Marksville, but he

was apparently transferred to the Avoyelles Correctional Center in Cottonport instead.

Plaintiff is seeking twenty-five thousand dollars for pain and suffering resulting from his slip and fall, as well as ten million dollars in punitive damages.

## LAW AND ANALYSIS

1. FRIVOLITY REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obligated to evaluate the complaint and dismiss it without service of process if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).

District courts must construe in forma pauperis complaints liberally, particularly in the context of dismissals under §1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). A civil rights

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

2

plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995).

    2. APPOINTMENT OF COUNSEL

Plaintiff requests that counsel be appointed to assist him in this litigation. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." Robbins v. Maggio, 750 F.2d. 405 (5th Cir. 1985). Plaintiff's claims in this case are not atypical of those often asserted in civil rights litigation, and they are not complex. The appointment of counsel would not shorten the trial and is not necessary for a just determination because this case is one that can be disposed of on the face of the complaint. Accordingly, Plaintiff's request for appointment of counsel should be denied as the allegations contained in the complaint do not demonstrate "exceptional circumstances," which would warrant the appointment of counsel at this time.

    3. SLIP AND FALL

To the extent that Plaintiff is asserting a "slip and fall" negligence claim, such a claim simply is not cognizable in a federal civil rights action. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for

3

violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir.2001) (quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir.1983)).

Plaintiff's allegations raise nothing more than negligence claims. See Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) (inmate's allegation that leaking air conditioning unit made floor wet, resulting in prisoner slipping and falling, is a garden-variety negligence claim, not deliberate indifference); see also LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors... do not state even an arguable claim for cruel and unusual punishment."). Both the United States Supreme Court and the Fifth Circuit Court of Appeals have ruled that "slip and fall" negligence claims are not cognizable under § 1983. See Daniels v. Williams, 474 U.S. 327 (1986).

Plaintiff's "slip and fall" claim does not present issues of federal constitutional dimension and should be dismissed. See McLaughlin v. Farries, 122 Fed. Appx. 692, 693 (5th Cir. 2004); Allen v. Herrera, 2006 U.S. Dist. LEXIS 75292, 13-14 (D. Tex. 2006).

4

4. TRANSFER

To the extent Plaintiff claims that he should be transferred to the jail in Marksville, his claim should be dismissed. Louisiana Revised Statute §15:824, authorizes the Director of Corrections to decide which penal institution an inmate should be delivered or transferred. The Director of Corrections has broad discretion regarding the placement and transfer of state prisoners. See Santos v. La. Dept. of Corr. Secretary, 1996 WL 89260 (E.D.La. 1996) (noting that La.Rev.Stat. Ann. § 15:824(A), (B) does not give DOC prisoners a constitutionally protected right to be housed in a particular facility); see also State v. Sylvester, 648 So.2d 31, 33 (La.App. 4th Cir.1994). The State of Louisiana, by its broad discretionary statutes, has not created a protected liberty interest in being housed in a particular prison or being transferred from one prison to another. Santos, 1996 WL 89260 at 4. Therefore, Plaintiff has no constitutional right to a transfer as relief under § 1983.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's request for appointment of counsel be **DENIED** and his civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and

Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _15_ day of _October_, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE